## CITY OF HASKELL v. BARKER.†

(Court of Civil Appeals of Texas. Feb. 4, 1911.)

1. MUNICIPAL CORPORATIONS (§ 755*)—TORTS —CONTROL OF SIDEWALKS.

Sayles' Ann. Civ. St. 1897, art. 381, authorizes the incorporation of any city containing 1,000 inhabitants or over, and article 419 declares that such a city shall have exclusive control over its streets. Article 579 relates to towns or villages containing more than 500 and less than 10,000 inhabitants, and article 594 provides that the board of aldermen of such towns shall have exclusive control over the streets, within the corporate limits. *Held* that, whether a city was incorporated under article 381 or article 579 it would have control over sidewalks within its limits, and would be liable for negligence with respect thereto.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1587–1590; Dec. Dig. § 755.*]

2. MUNICIPAL CORPORATIONS (§ 822*)—TORTS —NOTICE OF DEFECTS IN SIDEWALK.

In an action against a city for injuries from a defective sidewalk, the court instructed that what facts would be sufficient to constitute notice to the city is a question for the jury, and unless the city through some one of its officers had notice, either actual or constructive, of the defective sidewalk, then the city was entitled to a verdict. *Held*, that the instruction was erroneous, as it stated in effect that notice to an officer of the city who has no authority over the streets and sidewalks would be notice to the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1758–1762; Dec. Dig. § 822.*]

Appeal from District Court, Haskell County; C. C. Higgins, Judge.

Action by F. E. Barker against the City of Haskell. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Clyde F. Elkins and H. G. McConnell, for appellant. Helton & Murchison, for appellee.

SPEER, J. This action was instituted by F. E. Barker against the city of Haskell to recover damages for injuries received by him on account of having stepped into a hole in a defective sidewalk in said city. There was a verdict and judgment for the plaintiff in the sum of $275 and the defendant has appealed.

Two or three charges are complained of because of an instruction that the defendant city had control of the sidewalks within its corporate limits, and would be liable for its negligence with respect thereto. It is suggested by appellant that since the evidence fails to show whether appellant city was incorporated under article 381, Sayles' Ann. Civ. St. Tex. 1897, authorizing the incorporation of any city, town, or village containing 1,000 inhabitants or over, or under article 579 (Id.) relative to towns or villages containing more than 500 and less than 10,000 inhabitants, the authority of the city over its sidewalks is not so certain under the law as to authorize the charges referred to. As we view the law, however, it is immaterial

whether appellant was incorporated under the one or the other article. If under the article first cited, then article 419 declares that such city shall "have the exclusive control and power over the streets, alleys, and public grounds and highways of the city," etc. If under the latter article, then it is prescribed (article 594): "The board of aldermen shall have and exercise exclusive control over the streets, alleys and other public places within the corporate limits," etc. It may be that towns and cities incorporated under article 381 have broader powers with reference to the sidewalks (see article 426) than have towns or villages incorporated under the towns and villages chapter, but we think in all cases the corporation has the exclusive control of the streets which would include the sidewalks and where it has assumed to exercise such control, as is abundantly shown here, would be liable for its negligence resulting in injury to another.

The remaining assignment is that the court erred in the following instruction: "What facts would be sufficient to constitute notice upon the part of the officers of the city is a question for the jury to pass upon from all the facts and circumstances in evidence, and unless you believe from the evidence in this case that the city through some one of its officers had notice either actual or constructive of the defective sidewalk in question, if you believe it was defective, then the city is entitled to a verdict for the defendant." The proposition in effect is that notice to an officer of the city who has no authority over the streets and sidewalks would not be such notice as to make the city liable for such officer's negligence. This is correct. It is not every officer of a city whose knowledge would be chargeable to the city, and the plain effect of the charge is to authorize a verdict for the plaintiff if any officer of the city had notice or was chargeable with notice of the condition of the sidewalk. City of Dallas v. Meyers, 55 S. W. 742.

For the error contained in this charge, the judgment is reversed, and the cause remanded for another trial.